MICHAEL A. SWEET (SBN 184345)
msweet@foxrothschild.com
JACK PRAETZELLIS (SBN 267765)
jpraetzellis@foxrothschild.com
**FOX ROTHSCHILD LLP**
345 California Street, Suite 2200
San Francisco, California 94104
Telephone: (415) 364-5540
Facsimile: (415) 391-4436

JAMIE P. DREHER (SBN 209380)
jdreher@downeybrand.com
SEAN J. FILIPPINI (SBN 232380)
sfilippini@downeybrand.com
**DOWNEY BRAND**
621 Capitol Mall, 18th Floor
Sacramento, California 95814
Telephone: 916.444.1000
Facsimile: 916.444.2100

*Attorneys for Anvil Builders, Inc. and Anvil Power, Inc.*

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| In re:<br><br>KINGSBOROUGH ATLAS TREE SURGERY, INC.<br><br>Debtor. | Case No. 25-10088 (WJL)<br><br>Chapter 11 |
| ANVIL BUILDERS, INC.; ANVIL POWER, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>KINGSBOROUGH ATLAS TREE SURGERY, INC.,<br><br>Defendant. | Adv. Proc. No.<br><br>**COMPLAINT FOR DECLARATORY RELIEF REGARDING PROPERTY OF THE ESTATE** |

1. Plaintiff Anvil Builders, Inc. and Anvil Power, Inc. (collectively, "Anvil"), by and through undersigned counsel, for its Complaint against Defendant Kingsborough Atlas Tree Surgery Inc. (the "Debtor" or "KBA"), alleges as follows:

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 541. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (E). Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409 because the underlying bankruptcy case is pending in this Court and the claims arose in this district. This proceeding is brought under Fed. R. Bankr. P. 7001(1) and (2).

## PARTIES

3. Anvil Builders, Inc., is a California corporation with its principal place of business in Emeryville, California.

4. Anvil Power, Inc., is a is a California corporation with its principal place of business in Emeryville, California.

5. Kingsborough Atlas Tree Surgery Inc. is the debtor in the above-captioned Bankruptcy Case. Formerly its principal place of business was Sonoma County, California.

## FACTUAL ALLEGATIONS

6. Prior to the events described herein, the Debtor was owned and operated by its principals, Cindy and Richard Kingsborough ("Mr. and Mrs. Kingsborough").

7. On June 5, 2023, the Debtor and Mr. and Mrs. Kingsborough sold to Anvil substantially all assets of KBA pursuant to an Asset Purchase Agreement (the "APA"). A true and correct copy of the APA is attached hereto as **Exhibit 1**. The assets sold included contracts and the revenue generated from those going forward contracts. Although not necessary for determination of this adversary proceeding, the Debor received significant value from Anvil for the sale, in fact receiving more in value from Anvil than was given to Anvil as part of the transaction.

8. Following the APA, the only payments that KBA should have received from its customers should have been for work performed *prior* to June 5, 2023. Work performed thereafter


Case: 25-01023 Doc# 1 Filed: 12/16/25 Entered: 12/16/25 17:38:29 Page 2 of 5

would only have been performed using Anvil's employees. In other words, as part of the APA, any work going forward was not performed by KBA nor was KBA entitled to any of the proceeds thereof.

9. After the APA, Mr. and Mrs. Kingsborough became employees of Anvil and acted within the scope of their employment to receive, process, and deposit customer payments and other checks related to the business operations that Anvil acquired.

10. In the course of her employment, Mrs. Kingsborough received checks from customers and counterparties that were issued in payment for goods and services associated with work performed by Anvil after the APA. However, some customers continued to list KBA as payee on their checks as KBA (rather than Anvil) or listed both KBA and Anvil. This customer error allowed Mrs. Kingsborough to deposit those checks into a KBA account rather than the Anvil account into which the checks should have been deposited.

11. After the filing of the Debtor's petition, Anvil served a Bankruptcy Rule 2004 subpoena (the "Subpoena") on Bank of Marin for its records relating to KBA's bank accounts and Bank of Marin produced records showing that numerous checks for work postdating the APA were deposited into KBA's account rather than into Anvil's account.

12. Anvil reconciled the payments and calculated the gross amount (as alleged herein) that was deposited into the KBA Bank of Marin account that should not have been so deposited. A copy of a spreadsheet reflecting this reconciliation and analysis is attached hereto as **Exhibit 2**. Referenced in the spreadsheet is a collective exhibit of the checks listed in Exhibit 2. In each instance, the checks on the spreadsheet were for work performed (a) by Anvil, and (b) after the APA closed. Consequently, the money should not have been deposited into the KBA account and is not property of KBA's Bankruptcy Estate. Exhibit 2 shows only the diverted funds that Anvil has been able to specifically tie out based on the evidence produced in response to the Subpoena. An image exemplar of one of the diverted checks is below.[1]

---

[1] The full collective Exhibit of checks has not been filed publicly due to the banking information of numerous third parties contained therein. However, upon request it will be provided to Defendant.


Case: 25-01023 Doc# 1 Filed: 12/16/25 Entered: 12/16/25 17:38:29 Page 3 of 5


3804

RVP ROHNERT PARK, LP
DBA RANCHO VERDE MOBILE HOME PARK
430 SOUTH SAN DIMAS AVE.
SAN DIMAS, CA 91773
(909) 594-0501

BANK OF AMERICA
16-66/1220

*EIGHT THOUSAND ONE HUNDRED SEVENTEEN AND XX / 100

DATE 9/8/2023

AMOUNT **********8,117.00*

PAY TO THE ORDER OF

Atlas Tree & Landscaping, Inc.
1544 Ludwig Ave.
Santa Rosa, CA 95407

AUTHORIZED SIGNATURE

Redacted

09/14/2023 3804 $8,117.00

Redacted

13. The total amount of diverted funds already tied directly to the Bank of Marin account is $1,227,559.99. The analysis contained in Exhibit 2, however, does not fully capture the total funds that Anvil believes were diverted. Anvil is also informed and believes that certain other funds were diverted based on account receivable reports and furthermore other funds related to PG&E were diverted.

14. All told, as a direct and proximate result of this conduct, Anvil is informed and believes that it suffered damages in the amount of at least $4,527,169.02, representing the total amount of funds that should have been paid to Anvil that were diverted to KBA and not ultimately remitted to Anvil.

## FIRST CLAIM FOR RELIEF

**Declaratory Judgment (11 U.S.C. § 541; Fed. R. Bankr. P. 7001(2))**

15. Anvil realleges and incorporates each paragraph above as though fully set forth herein.

16. The checks and funds described (the “Money”) above represent payments for work performed by Anvil and, therefore, constitute property of Anvil and not property of the Debtor’s estate under 11 U.S.C. § 541.

17. A present and actual controversy exists regarding ownership of the Money and any proceeds and traceable funds, including those presently on deposit in a KBA account.

18. Anvil is entitled to a declaratory judgment that the Money and all proceeds and traceable funds are not property of the estate and therefore belong to Anvil.

19. Anvil further is entitled to a declaratory judgment requiring that the Money proceeds and all proceeds and traceable funds do not constitute property of the estate and shall be returned to Anvil.

**PRAYER**

WHEREFORE, Anvil respectfully requests that the Court enter judgment in its favor and against Kingsborough Atlas Tree Surgery Inc. as follows:

A. Declaring that the Money and identifiable proceeds and traceable funds are not property of the bankruptcy estate and in fact belong to Anvil;

B. Issuing a temporary restraining order and preliminary injunction prohibiting the Debtor from disbursing the funds at issue;

C. Issuing an order requiring the Debtor return those funds and all proceeds thereof to Anvil;

D. Awarding Anvil its costs of suit and, to the extent authorized, reasonable attorneys' fees;

E. Granting such other and further relief as the Court deems just and proper.

Date: December 16, 2025

FOX ROTHSCHILD LLP

*/s/Jack Praetzellis*
Jack Praetzellis
*Attorneys for Anvil Builders, Inc and Anvil Power, Inc.*